**308**

**WASHINGTON HOSPITAL CENTER CORPORATION, Plaintiff,**

v.

**Margaret M. HECKLER, Defendant.**

**Civ. A. No. 84–0147.**

United States District Court, District of Columbia.

Nov. 30, 1984.

George E. Hart and Edward J. Krill, Washington, D.C., for plaintiff.

Joseph E. diGenova, U.S. Atty., Royce Lamberth, Asst. U.S. Atty., Henry R. Goldberg, Atty., and Deborah Chaskes, Atty., Dept. of Health & Human Services, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

This case has come before the Court on cross-motions for summary judgment. After careful consideration of each party's motions, as well as memoranda in support thereof and in opposition thereto, the Court, for the reasons set forth below, grants summary judgment for the defendant.

Plaintiff hospital brought suit on January 13, 1984 against the defendant in her capacity as Secretary of the Department of Health and Human Resources, the executive agency with responsibility for overseeing the administration of the Medicare Act 42 U.S.C. § 1395, *et seq.* The complaint states two separate claims involving the Secretary's administration of the reimbursement provisions of that Act. The first count, involving services rendered by a "provider of services", as defined by 42 U.S.C. § 1395cc, to patients in a hospital's labor/delivery room, was decided by this Court's opinion of June 29, 1984, which is incorporated herein by reference the same as if herein re-written. In that case, judgment was entered for the plaintiff.

Remaining for decision is Count II of the complaint. That Count involves the procedure under Medicare regulations for determining the extent of nonallowable costs for luxury items and services which must be excluded from Medicare reimbursement. Medicare regulations specifically state that the cost of luxury items and services are not reimbursable in full. 42 C.F.R. § 405.-451(c)(3). Rather, costs associated with luxury items and services are to be reimbursed at the same rate as more common items and services furnished to the majority of a provider's patients. For example, the cost of a luxury hospital room, fitted with amenities not found in the majority of rooms, would be reimbursed to the provider

at the same rate as would one of the provider's normal two-bed rooms.

Plaintiff does not dispute whether luxury costs are reimbursable in full, but rather the methodology used by the intermediary to arrive at the proper amount to be disallowed, an amount which fairly represents the excess of luxury over normal costs. The Provider Reimbursement Manual states that this determination is to be made by finding the difference between the cost of luxury items and services actually furnished, and the costs associated with the "usual less expensive items or services furnished by a provider to a majority of its patients." Manual at § 2104.3. This amount is then deducted by the intermediary from the allowable costs submitted by the provider in the provider's annual "cost report" at the close of each fiscal year. 42 C.F.R. §§ 405.406(b), 405.454(f).

Plaintiff offers, in addition to its usual services, a 12-bed "V.I.P." unit. The V.I.P. suite is a separate department within the hospital's general ledger, with revenues and expenses separately identified for that unit. In its cost reports for the years since 1977, plaintiff excluded the difference between the costs of the luxury items and services actually furnished to patients in the V.I.P. suite, and the costs of services furnished to a majority of its patients, using "bed-days", i.e., the number of beds in the V.I.P. unit per day, as the basis for allocation. The Medicare intermediary adjusted plaintiff's calculation of nonreimburseable luxury costs using "patient days," i.e., the actual number of days of care rendered to Medicare beneficiaries in the V.I.P. suite, as the basis of allocation. The result was a reduction in the amount of the Medicare reimbursement amount to which the plaintiff claims it was entitled.

The plaintiff appealed the intermediary's adjustments to the Provider Reimbursement Review Board. The Board upheld the intermediary's decision as "correct" and "reasonable." (Administrative Record at 28). The Board's decision was affirmed by the Deputy Administrator of Medicare. Subsequently, plaintiff filed this action for judicial relief, pursuant to 42 U.S.C. § 1395oo. Plaintiff seeks to have the Board's decision set aside as arbitrary, capricious and an abuse of discretion.

The burden of showing that the method of determining the amount to be disallowed for luxury costs is arbitrary, capricious and an abuse of discretion lies with the plaintiff. *Diplomat Lakewood Inc. v. Harris*, 613 F.2d 1009, 1018 (D.C.Cir.1979). So long as there can be found a rational basis for the method used, the Court is "obliged to affirm the decision below." *Id.* When, as here, the agency is interpreting regulations which are part of a complex statutory scheme which it is charged with administering, the Court of Appeals for this Circuit has held that "the arguments for deference to administrative expertise are at their strongest." *Psychiatric Institute of Washington D.C., Inc. v. Schweiker*, 669 F.2d 812, 813, 814 (D.C.Cir.1981). Plaintiff, then, must show that there exists *no* rational basis for the use of this method.

Plaintiff has failed to meet this burden. Initially, the Medicare statute itself specifically authorizes the Secretary to promulgate regulations which determine the cost of services on a "per diem, per unit, per capita, or other basis." 42 U.S.C. § 1395x(v)(1)(A). The Regulations specifically excluded costs associated with luxury items and services from the definition of "reasonable costs" for which a provider may be reimbursed. 42 C.F.R. § 405.-451(c)(3). The Secretary's interpretation of the statute and regulations is found in the Provider Reimbursement Manual at section 2104.3(c), which requires that the allowable costs be reduced by the difference between the costs of luxury accommodations and the cost of care provided in the provider's general routine area.

The "patient-days" basis of allocation method meets the requirements of the statute, the regulations and the Manual. The use of patient-days as the basis for achieving this result is identical to that employed in determining the hospital's reimbursement for the general routine services provided to Medicare beneficiaries. The cost

of such services are determined on a patient-day basis by dividing the total number of inpatient costs for routine services by the total number of inpatient days. 42 C.F.R. § 405.452(d)(9). The use of this method has met with consistent judicial approval. *See, e.g., St. Mary of Nazareth Hospital Center, et al. v. Schweiker,* 718 F.2d 459, 471 (D.C.Cir.1983).

The use, therefore, of patient-days as the basis for luxury cost allocation is perfectly consistent with the methodology employed to determine plaintiff's Medicare reimbursement for general routine services. In addition, Congress recently amended Medicare to provide that excess costs associated with private rooms, except where medically required, be excluded from a provider's allowable costs. 42 U.S.C. § 1395x(v)(2). The method used to allocate these excess costs is patient days. 42 C.F.R. § 405.452(b)(1)(iii). Thus, the use of patient days by the intermediary in this action finds support in several areas of the Medicare statutory scheme.

Plaintiff, far from meeting its burden of showing that there exists no rational basis for the Secretary's actions, has merely asserted that its preferred method, using bed-days as the basis of allocation, is more equitable. The Court is not in a position to second guess the rational actions of an administrative agency charged with the administration of a complex statutory scheme, as is the case here. If plaintiff is unhappy with the results of a determination which is consistent with the law, then perhaps the plaintiff should seek Congressional action to have the law changed. The Court, however, declines to so amend the Medicare Act.

Therefore, there being no genuine issue of material facts in dispute, it is by the Court this 30th day of November, 1984, hereby

ORDERED that the defendant's motion for summary judgment be and the same is granted, and it is

FURTHER ORDERED that the plaintiff's motion for summary judgment be and the same is denied, and it is

FURTHER ORDERED that this case is dismissed and the clerk shall remove it from the docket of this Court.